Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8504 | **DATE** | 9/1/2004 |
| **CASE TITLE** | Direct TV Inc vs. Paul Johnson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss counts I, II, III, IV and V is granted in part and denied in part. Counts III and V of plaintiff's complaint are dismissed. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 0 3 2004 | |
| | Notified counsel by telephone. | date docketed | 9 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 8504 |
| | ) | |
| PAUL JOHNSON, | ) | Judge John W. Darrah |
| | ) | |
| Defendant. | ) | |

DOCKETED
SEP 03 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, DirecTv, Inc., filed suit against Defendant, Paul Johnson, alleging that Defendant purchased and used devices designed primarily for the purpose of pirating DirecTv's satellite transmissions in derogation of DirecTv's rights to receive compensation for receipt of its signals. Plaintiff seeks civil damages in the form of actual or statutory damages, as well as injunctive relief pursuant to 18 U.S.C. § 2512, as set forth in Count III of the Complaint. Plaintiff also seeks damages for civil conversion in Count V of the Complaint.

Presently before the Court is Defendant's Motion to Dismiss Count V (conversion) of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Counts I, II, III, and IV on statute of limitations grounds.

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (*Walker*). Dismissal is warranted only if "it appears beyond a doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

DirecTv is a California-based company in the business of distributing satellite television broadcasts throughout the United States. DirecTv developed a satellite system capable of transmitting various digitized video and audio signals to homes and businesses nationwide to be used for entertainment purposes, also known as "satellite programming." DirecTv relays digital signals from the United States to satellites orbiting many miles above Earth. Those signals are then broadcast back to Earth, where fixed outdoor satellite dishes can receive DirecTv's satellite programming. The satellite dish is connected by cable to an indoor satellite receiver, which is then connected by cable to a television monitor.

The signal beamed from space to various areas in the United States can be received by installing a satellite dish and paying DirecTv a fee to use its television broadcast services. DirecTv uses encryption technology to digitally scramble the signal. The signal is unusable before it is unscrambled. Each indoor satellite receiver contains a removable access card that holds a computer-type chip that stores and applies the information necessary to unscramble the satellite signals received through the satellite dish. DirecTv electronically programs these access cards to close or open television channels based upon the particular programming package a customer has purchased.

2

The encryption technology used by DirecTv has not prevented the development of devices and equipment (pirate access devices) which provide the user with access to all of DirecTv's satellite programming with no payment to the company.

On or about July 6, 2000, Defendant ordered a programming device from "Whiteviper" which may be useful in programming DirecTv access cards. DirecTv obtained Whiteviper's records, including those of Defendant's purchase, via settlement on September 14, 2001. DirecTv originally filed suit against the Defendant on September 10, 2003.

The Defendant received the satellite programming by means including but not limited to: (a) maintaining satellite dishes capable of receiving satellite programming on television monitors and further maintaining electronic devices which enable the Defendant to unscramble, receive, and exhibit encrypted satellite programming transmissions without authorization; and/or (b) by such other means to effectuate the unauthorized reception of the satellite programming which are unknown to DirecTv and known only to Defendant.

Defendant contends that Count III of Plaintiff's Complaint should be dismissed because, as a matter of law, 18 U.S.C. § 2520 does not support a civil cause of action for violations of 18 U.S.C. § 2512, and that Counts I, II, III, and IV should be dismissed upon statute of limitations grounds. In addition, Defendant contends that Count V of Plaintiff's Complaint should be dismissed because the Plaintiff cannot state a cause of action for the alleged conversion of satellite signals.

Count III alleges a private cause of action under Section 2512. As previously found by this Court and other courts, Section 2512 does not create a private cause of action, express or implied. *See DirecTv, Inc. v. Westendorf*, 2003 WL 22139786 at 2, (N.D. Ill. Sept. 16, 2003); *DirecTv, Inc. v. Cardona*, 275 F.Supp.2d 1357, 1368 (M.D. Fla. 2003); *DirecTv, Inc. v. Hinton*, 2004 WL 856555

at 3, (N.D.Ill. Apr. 21, 2004); *DirecTv, Inc. v. Stolz*, 2004 WL 1490261 at 3, (N.D.Ill. July 1, 2004). Accordingly, Count III is dismissed.

Count V seeks relief for civil conversion and alleges that Defendant has unlawfully converted Plaintiff's property for the Defendant's use and benefit and that such conversion was done intentionally and wrongfully by the Defendant to deprive the Plaintiff of its proprietary interests and for Defendant's direct benefit and advantage.

As previously found by this Court and other courts in other DirecTv suits alleging the same or similar facts, no cause of action for conversion under Illinois law lies for an intercepted signal. Accordingly, Count V is dismissed. *See DirecTv, Inc. v. Maraffino*, 2004 WL 170306 (N.D. Ill. Jan. 23, 2004); *DirecTv, Inc. v. Allen*, 2004 WL 170328 (N.D. Ill. Jan. 23 2004); *DirecTv, Inc. v. Patel*, 2003 WL 22682443 (N.D. Ill. Nov. 12, 2003); *DirecTv, Inc. v. Geenen*, 2003 WL 22669029 (N.D. Ill. Nov. 10, 2003); *DirecTv, Inc. v. Hinton*, 2004 WL 856555 at 4, (N.D.Ill. Apr. 21, 2004) (collectively finding no cause of action for conversion under Illinois law for intercepted signal).

Defendant also argues that Count II was not filed within the applicable statute of limitations.

Count II alleges a cause of action pursuant to 18 U.S.C. § 2511. Section 2520(e) provides that a cause of action under the "Wiretap Act" (18 U.S.C. §§ 2511 and 2512) is subject to a two-year limitations period.

In the instant case, Defendant purchased the items in question on July 6, 2000. DirecTv filed its initial suit on September 10, 2003. DirecTv alleges that it first discovered the Defendant's conduct as a result of documents that it received on September 14, 2001, after a settlement had been negotiated in another case. Defendant cites to Plaintiff's Complaint in which it alleges that by early 2001, DirecTv was aware of this type of piracy; and by May 25, 2001, it was executing writs of

seizure to raid suspected wrongdoers. However, based on the allegations of the Complaint, DirecTv's awareness of piracy and its execution of writs in May 2001 were not related to the present defendant. The Complaint clearly pleads that DirecTv was not aware of the instant defendant until after September 14, 2001.

"A statute of limitations begins to run once a plaintiff has knowledge which would lead a reasonable person to investigate the possibility that [their] legal rights had been infringed." *CSC Holding, Inc. v. Redisi*, 309 F.3d 988, 992-993 (7th Cir. 2002). Actual knowledge is not the standard as it must be "at least enough to put him on inquiry notice that his rights might have been invaded" as the precise time of knowledge is irrelevant. *See Davis v. Zirkelbach*, 149 F.3d 614, 618, (7th Cir. 1998).

Here, DirecTv must have had some awareness as to potential wrongs prior to September 14, 2001, for without that possibility, reason to seize records, as early as May 2001, is lacking. However, the records as to this Defendant were not turned over until September 14, 2001. As such, DirecTV did not have knowledge which would have reasonably put it on notice to investigate the possibility that their rights had been infringed as to this Defendant until September 14, 2001. Accordingly, Count II was filed within the applicable statute of limitations.

Defendant also seeks dismissal of Counts I and IV on grounds that they also were not timely filed. As to these counts, there is no explicit statute of limitations provided by 47 U.S.C. § 605, so the court is left to infer that provision from another federal statute that is clearly analogous to the legislation. *See Dell v. Board of Education, Township High School District 113*, 32 F.3d 1053 at 1058 (7th Cir. 1994). Section 605 concerns itself with unauthorized publication or use of an

unauthorized intercepted signal. 47 U.S.C. § 605. Defendant proposes the Court adopt the two-year statute of limitations found in the Wiretap Act, 18 U.S.C. §§ 2511 and 2512. The Wiretap Act addresses the unauthorized interception of a signal. DirecTv proposes the Court adopt the three-year statute of limitations found in the Copyright Act, 17 U.S.C. §§ 504-505. Both the Copyright Act and the Wiretap Act have similar remedial structures - providing a prevailing plaintiff with the choice of actual or statutory damages and the possibility of a discretionary increase in statutory damages based upon the culpability of the wrongdoer, and an award of costs and attorney's fees. However, the Wiretap Act is more analogous to the issue at hand, especially with no concerns about copyrights before the Court. The similarities between unauthorized publication or use of an unauthorized intercepted signal and unauthorized interception of a signal leads this Court to adopt the two-year statute of limitations period to Counts I and IV. For previously stated reasons, this leaves the current issues within the two-year period.

For the foregoing reasons, Defendant's Motion to Dismiss Counts I, II, III, IV and V is granted in part and denied in part. Counts III and V of Plaintiff's Complaint are dismissed.

Dated: September 1, 2004

JOHN W. DARRAH
United States District Judge